RICHARD S. ROBERTS, survivor &c., *vs.* AARON A. FISHER and others.

Where debtors give to their creditor, in full payment and discharge of the debt, the promissory note of third persons who had previously failed, and become insolvent, though that fact was unknown to the parties, at the time of the transfer, the creditor may rescind the contract; unless it appears that he agreed to receive the note in payment whether the makers had failed or not.

There is no doubt of such a rule being well settled law in the case of bank bills; and the decision of the Court of Appeals in *Roberts* v. *Fisher*, (43 *N. Y.* 159,) must be regarded as applying the same rule to promissory notes.

Where it appears, from the whole evidence, that both parties were acting in ignorance of the failure of the makers, this gives the creditor the right to rescind the contract, on discovery of the mistake.

Under such circumstances, in an action by the creditor, to recover the amount of the original debt, there is no question to be submitted to the jury; and there is no error in directing a verdict for the plaintiff.

APPEAL from a judgment entered upon the verdict of a jury, on a second trial of the action. See S. C., 53 *Barb.* 69, and 43 *N. Y.* 159, where the facts are fully stated.

*By the Court*, INGRAHAM, P. J. The former judgment, recovered in this case, was reversed by the Court of Appeals for the reason of error in charging the jury that where a note of a third person was received in payment for a bill of goods, and the maker had failed the day before the note was delivered, this was of no consequence, in the absence of proof that the defendants had knowledge of such insolvency, at the time of the transfer of the note. This the court held to be erroneous; and also that under such circumstances, the parties may rescind the contract, unless it appears that the vendor agreed to receive the note in payment, whether the makers had failed or not. (43 *N. Y.* 159.)

There is no doubt of such a rule being well settled law in the case of bank bills. (*Lightbody* v. *Ontario Bank*, 11 *Wend.* 11, *and cases there cited.* 13 *id.* 101.)

And we must consider this case as applying the same rule to promissory notes.

The evidence as to the delivery is not materially changed from what it was on the first trial. No proof is given that the plaintiff agreed to receive the note after knowledge of the insolvency, or to take it whether the makers had failed or not. On the contrary, it is apparent, from the whole evidence, that both parties were acting in ignorance of the failure ; and in such a case the Court of Appeals has held that this gave the plaintiff the right to rescind the contract, on discovery of the mistake.

Following this decision, we must hold that there was no question to be submitted to the jury ; and that there was no error in directing a verdict for the plaintiff.

Judgment affirmed.

[First Department, General Term, at New York, May 5, 1873. *Ingraham* and *Fancher*, Justices.]